UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-cr-80022-CANNON/REINHART

UNITED STATES OF AMERICA,

vs.

DANIEL M. CARVER, et al.

         **Defendants**.

_____/

## GOVERNMENT'S FIRST RESPONSE TO THE STANDING DISCOVERY ORDERS

On February 24, 2022, the grand jury returned an indictment in this matter charging ten defendants for their respective roles in health care fraud, kickback, and money laundering conspiracies. Since then, eight of the ten defendants have been arraigned and the Court has entered a Standing Discovery Order in each instance. *See* ECF Dkt. 50, 98, 101, 107, 125, 127, and 141.

In response to these orders, the government hereby files this First Response to the Standing Discovery Orders, which complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.

    A.      1.      To the extent that they exist, the United States is currently producing all known written and recorded statements made by Defendants in connection with the instant matter to his/her attorney.

                2.      To the extent they exist, the United States is currently producing reports of law enforcement agents memorializing known oral statements made by Defendants to law enforcement to each Defendant's counsel.

                3.      The Defendants did not testify before a grand jury in connection with the charged offense.

                4.      The United States is currently producing NCIC records relating to Defendants to counsel.

5. The United States is producing, in electronic format, certain books, papers, documents, photographs, tangible objects, or copies or portions thereof that are material to the preparation of the Defendants' defense, or which the United States intends to use as evidence at trial to prove its case in chief, or which were obtained from, or belong to, the Defendants.

Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, including covered information—such as patient files and billing data—or items that were obtained or belonging to the Defendants, will be produced, but will not be filed with the Court. A large portion of these items will be produced to all counsel on an encrypted hard drive/thumb drive, CD or DVD pursuant to the Protective Order in this case. With respect to all other books, papers, documents, photographs, tangible objects, or copies or portions thereof, which are material to the preparation of the Defendants' defenses, or which the United States intends to use as evidence at trial to prove its case in chief, or which were obtained from or belonging to the Defendants, these materials will be made available by the government and can be inspected at a mutually convenient time at a facility operated by the United States Attorney's Office for the Southern District of Florida in Miramar, Florida (the "Miramar Facility"). Please contact the undersigned and/or HHS-OIG Special Agent Tony Senat to arrange a date and time for review that is convenient for both parties; his contact information will be made available under separate cover.

The items mentioned in this discovery response are not necessarily all the books, papers, documents, etc., that the government may intend to introduce at trial.

The discovery that the government will produce or make available for inspection includes, but is not limited to, the following list. Please note, however, that as to each category, privilege holders have asserted privilege over certain records contained within these materials, which have been withheld from the prosecution team. A member of the filter team from the Fraud Section's Special Matters Unit will be in contact with defense counsel to discuss the production, if any, of these documents.

- Digital files of scanned documents (including patient records) from the offices at 1200 North Federal Highway, Boca Raton, Florida, seized and searched pursuant to a search warrant executed on or about July 14, 2021. The records are digitized and will be produced in electronic form.

- Approximately 37,000 files of digital evidence seized from a laboratory information system company, pursuant to a search warrant executed on or about December 3, 2021. Such digital evidence may contain confidential patient information and therefore constitutes "covered information" under

    the Protective Order. These records are digitized and will be produced in electronic form.

- Approximately 260,000 documents containing emails and other documents obtained from obtained pursuant to search warrants, grand jury subpoena, and consent searches. These records are digitized and will be produced in electronic form.

- Billing data, enrollment records, and other records from Medicare and its contractors, which includes covered information and personal identifying information of patients subject to the Protective Order.

- Hundreds of redacted interview reports and memos of witnesses, subjects, and employees.

- Interview memos and recorded statements of the Defendants.

- Tens of thousands of pages of bank records obtained from dozens of financial institutions.

- Voluminous banking and financial records, which are digitized and will be produced to counsel.

6. There were no physical or mental examinations nor scientific tests or experiments made in connection with this case.

7. Additionally, there are approximately 620,000 documents deriving from email search warrant returns as well as digital evidence from devices seized during the July, 14, 2021 search of 1200 North Federal Highway, Boca Raton, Florida, which remain subject to filter review. Once these items are reviewed subject to a filter protocol, the filter team will release these items to the case team and defense counsel.

B. **DEMAND FOR RECIPROCAL DISCOVERY:** The United States requests the disclosure and production of materials enumerated as items 1, 2, and 3 of section B of Local Rule 88.10. This request is made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C. The United States will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of *Brady v. Maryland*, 373 U.S. 83 (1963), and *United States v. Agurs*, 427 U.S. 97 (1976).

D. The United States shall disclose to the defense the existence and substance of any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective United States witnesses, within the

|   |   |
|---|---|
|   | scope of *Giglio v. United States*, 406 U.S. 150 (1972) and *Napue v. Illinois*, 360 U.S. 264 (1959). |
| E. | The United States will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the United States at trial. |
| F. | The United States will make available to the defense for inspection at a mutually convenient time at the facilities identified above any photo spread or similar identification proceedings in connection with the charged offenses. |
| G. | The United States has advised its agents and officers involved in this case to preserve all rough notes. |
| H. | The United States shall timely advise the defense of its intention, if any, to introduce extrinsic act evidence pursuant to Rule 404(b), Federal Rules of Evidence. The defense is hereby on notice that all evidence made available for inspection or statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under Rule 404(b) or otherwise (including the inextricably-intertwined doctrine). |
| I. | None of the defendants are an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance. |
| J. | The United States has, or is in the process of having, transcribed the grand jury testimony of all witnesses who will testify for the United States at trial. |
| K. | No contraband of the type described in Paragraph K of Local Rule 88.10 is involved in this indictment. |
| L. | The United States does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the United States' possession. |
| M. | The United States is unaware of any latent fingerprints or palm prints which have been identified by a United States expert as those of the Defendant. |
| N. | The United States is hereby disclosing that it may offer the testimony of expert and/or lay witnesses who will provide technical testimony regarding the functioning of the Medicare Program, Medicare billing procedures and rules, Medicare auditing procedures and rules, Medicare cost reporting, and rules relating to overpayment of claims by Medicare. To the extent that testimony regarding the functioning of the Medicare Program can be construed to constitute expert testimony, the United States hereby provides notice that it may call a Medicare witness to testify regarding this subject |

matter. The United States is also hereby disclosing that it may offer the testimony of expert and/or lay witnesses who will provide technical testimony regarding the medical necessity of durable medical equipment or certain genetic tests for which laboratories submitted claims to Medicare, and testimony of expert and/or lay witnesses who will provide technical testimony regarding telemedicine.

*The United States requests the disclosure of any experts the defense intends to call at trial, as well as such experts' qualifications and any proposed opinions to be offered at trial.*

O. The United States will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial.

P. At the discovery conference, the United States will seek written stipulations to agreed facts in this case, to be signed by the defendants and their counsel.

Q. The United States will comport with the schedule of discovery as outlined in Local Rule 88.10.

The United States is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, *Brady, Giglio, Napue*, and the obligation to ensure a fair trial.

In addition to the request made above by the United States pursuant to Section B of Local Rule 88.10 and Rule 16(b) of the Federal Rules of Criminal Procedure, in accordance with Rule 12.1 of the Federal Rules of Criminal Procedure, the United States hereby demands Notice of Alibi defense; the approximate time, date, and place of the offense is listed in the indictment.

Dated: March 30, 2022                    Respectfully submitted,

                                                    JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF FLORIDA

JOSEPH BEEMSTERBOER, CHIEF
CRIMINAL DIVISION, FRAUD SECTION
U.S. DEPARTMENT OF JUSTICE


By:    */s/ Patrick J. Queenan*
Patrick J. Queenan
Trial Attorney
FL Special Bar No. A5502715
U.S. Department of Justice
Criminal Division, Fraud Section
1400 New York Avenue, N.W.
Washington, D.C. 20005
Phone: (202) 875-0326
patrick.queenan@usdoj.gov

Reginald Cuyler Jr.
Trial Attorney
FL Bar # 0114062
U.S. Department of Justice
Criminal Division, Fraud Section
12020 Miramar Parkway
Miramar, Florida 33025
Phone: (202) 748-3024
reginald.cuyler.jr@usdoj.gov

6

## CERTIFICATE OF SERVICE

I hereby certify that on March 29, 2022, I served and filed the foregoing document with the Clerk of the Court via CM/ECF.

By:   */s/ Patrick J. Queenan*
Patrick J. Queenan
Trial Attorney
U.S. Department of Justice