UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 22-80022-CR-CANNON

**UNITED STATES OF AMERICA**,

    Plaintiff,
v.

**DANIEL CARVER**,

    Defendant.
_____/

## ORDER ADOPTING PRETRIAL DETENTION ORDER AND DENYING APPEAL

**THIS CAUSE** comes before the Court upon Defendant Daniel Carver's Appeal of Magistrate Judge's Denial of Bond (the "Appeal") [ECF No. 166], filed on April 5, 2022. The Court has carefully reviewed the Appeal, the transcript of the detention hearing [ECF No. 145], the Pretrial Detention Order [ECF No. 143], the Government's Response in Opposition to the Appeal [ECF No. 185], Defendant's Reply [ECF No. 197], and the full record, including the exhibits admitted during the detention hearing. Based solely on a careful review of the pleadings and the evidence developed at the magistrate's detention hearing, *see United States v. King*, 849 F.2d 485, 490 (11th Cir. 1988), the Court determines that the Pretrial Detention Order's factual findings are supported, and that its legal conclusions are correct.

As determined by Magistrate Judge Reinhart, there is no condition or combination of conditions that reasonably would assure the safety of the community if Defendant is released pending trial. 18 U.S.C. § 3142(e), (f). In reaching this conclusion, the Court has fully considered Defendant's position, including Defendant's challenge to the Court's reliance on the six violent (mostly uncharged) incidents since March 2021 as discussed during the hearing and further argued

in the instant filings. The Court also has considered Defendant's criminal history, which includes convictions for burglary in 2005; a conviction in 2006 for grand theft; a battery conviction in 2009; another burglary conviction in 2009 (consolidated with another burglary charge); an assault and battery charge in 2021 that was reduced to disturbing the peace; various arrests for violations of probation in connection with the burglary and grand theft convictions; and also an additional dismissed charge for domestic battery. That extensive criminal history—combined with the repeated violent and threatening conduct in the post-March 2021 described incidents (each involving separate complainants), along with Defendant's admitted and well documented long-term history of drug addiction [ECF No. 145 p. 55]—is sufficient to satisfy the Court by clear and convincing evidence that no condition or combination of conditions reasonably can assure the safety of the community if Defendant is released pending trial [ECF No. 145 p. 69 ("There's a strong indication in this record he has committed violent acts through other people in the past, so that concerns me.")].[1] Nor does the Court find there to be any unresolved factual issues that affect the validity of the Pretrial Detention Order's findings and conclusions. The Court understands Defendant's view with respect to the absence of criminal convictions for five of the six incidents but agrees with Judge Reinhart's evaluation of the incidents as stated on the record during the Hearing [ECF No. 143 p. 5; ECF No. 145 pp. 67–69].[2] So too does the Court agree that Defendant's principal proposed alternative to detention—participation in an in-patient drug

---

[1] A court may consider hearsay evidence and uncharged conduct in assessing the degree of danger posed by the Defendant. *See* 18 U.S.C. § 3142(f)(2); *United States v. Norris*, 188 F. App'x 822, 830 n.3 (11th Cir. 2006); *United States v. Quartermaine*, 913 F.2d 910, 918 (11th Cir. 1990).

[2] As reflected in the Pretrial Services report, U.S. Probation recommended detention based on danger and risk of flight.

treatment program—does not adequately account for the risk to the community were Defendant to be released pretrial.[3]

Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Defendant's Appeal of Magistrate Judge's Reinhart Denial of Bond [ECF No. 166] is **DENIED**.

2. Magistrate Judge Reinhart's Pretrial Detention Order [ECF No. 143] is **ADOPTED**.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida this 27th day of April 2022

AILEEN M. CANNON
UNITED STATES DISTRICT JUDGE

cc:   counsel of record

---

[3] As proffered by the government during the hearing and undisputed by Defendant, Defendant recruited employees for his allegedly fraudulent call center from "sober homes" [ECF No. 145 pp. 27, 46–47]. The evidence also establishes that Defendant spent time in the requested "sober home" (Fern House) but continued thereafter to abuse drugs [ECF No. 145 pp. 41, 51].