UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 22-80022-CR-CANNON

**UNITED STATES OF AMERICA**,

    Plaintiff,

v.

**DANIEL M. CARVER, et al.**,

    Defendants.
    _____/

## ORDER DENYING
## MOTION TO ENFORCE DUE PROCESS PROTECTION ACT [ECF No. 381]

**THIS CAUSE** comes before the Court upon Defendant Daniel Carver's Motion to Enforce Due Process Protection Act (the "Motion"), filed on October 14, 2022 [ECF No. 381]. Defendants Thomas Dougherty and John Paul Gosney Jr. join the Motion [ECF Nos. 391, 397, 418].[1] The Court has reviewed the Motion, the Government's Response in Opposition [ECF No. 430], Defendant Carver's Reply [ECF No. 441], and the full record. For the reasons set forth below, the Motion [ECF No. 381] is **DENIED**.

***

Relying on *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972), Defendants seek a Court order requiring the Government to specifically identify the *Brady* and *Giglio* materials that were produced amidst the voluminous discovery in this case [ECF No. 381 p. 3; ECF No. 441 pp. 1–3]. Defendants argue that this is incumbent upon the Government because the discovery produced to Defendants "consists of **4.5 million files** totaling

---

[1] For purposes of this Order, the term "Defendants" refers to Defendants Carver, Dougherty, and Gosney Jr.; there are three other remaining Defendants who have not joined the Motion.

678.2 GB of data," and thus, more pinpointed identification is necessary to "preserve [Defendants'] right to a fair trial" [ECF No. 441 pp. 2–3 (emphasis in original)]. Defendants also request that the Court require the Government to produce certain specific categories of *Brady* and *Giglio* materials, including: (1) statements by cooperating witnesses that they were not aware of the scheme, including notes made by government agents during such interviews; and (2) statements by cooperating witnesses indicating they were not aware their conduct was wrong or that the scheme was illegal, including notes taken by government agents during such interviews [ECF No. 381 pp. 4–6].[2]

In opposition to the Motion, the Government maintains that it has fulfilled, and will continue to fulfill, its *Brady* and *Giglio* obligations to produce any exculpatory evidence in its possession to Defendants [ECF No. 430 pp. 2–3]. Specifically, the Government notes that, with the voluminous discovery in this case, it "has taken additional efforts to facilitate the Defendants' review of discovery material" by organizing physical document productions in file folders with detailed logs and by utilizing a document review platform for electronically produced materials that allows Defendants to search for key terms [ECF No. 430 p. 3]. As to Defendants' specific requests, the Government notes that it has produced all witness interviews and "any records seized from or provided by cooperating witnesses who may testify in this case" and will continue to do so as more information becomes available [ECF No. 430 p. 4]. However, the Government objects under Federal Rule of Criminal Procedure 16(a)(2) to the production of any agent notes of

---

[2] The Motion also contains a list of ten specific items that Defendants argue the Government should be required to produce [ECF No. 381 pp. 5–6]. The Government addresses these requests in detail in its Opposition [ECF No. 430 pp. 6–8], without any substantive response from Defendants [ECF No. 441 p. 5]. On this record, without an additional showing from Defendants or something more concrete to resolve from a discovery standpoint—and mindful of the Government's continued obligation to adhere to its *Brady* and *Giglio* obligations and applicable discovery rules—Defendants' request is denied [ECF No. 430 pp. 6–8].

interviews, and under Federal Rule of Criminal Procedure 410 to the specific production of prosecutors' notes or defense attorney proffers made in furtherance of plea negotiations [ECF No. 430 pp. 4–5].[3] The Government also provides a detailed list of its discovery productions that fulfill the requests made by Defendants on pages 5–6 of the Motion [ECF No. 430 pp. 6–8].

Due process requires the government to turn over "evidence favorable to an accused . . . where the evidence is material either to guilt or punishment." *Brady*, 373 U.S. at 87. *Giglio v. United States*, 405 U.S. 150 (1972), further expanded this rule to require the government to produce evidence affecting the credibility of the government's witnesses. *Id.* at 154 (quoting *Napue v. People of State of Ill.,* 360 U.S. 264, 269 (1959) ("When the 'reliability of a given witness may well be determinative of guilt or innocence,' nondisclosure of evidence affecting credibility falls within this general rule."). There is "'no additional duty on the prosecution team members to ferret out any potentially defense-favorable information from materials [disclosed under *Brady* and *Giglio*].'" *United States v. Maxwell*, No. 05-2057, 2006 WL 8439796, at *6 (S.D. Fla. July 14, 2006) (quoting *United States v. Pelullo*, 399 F.3d 197, 212 (3d Cir. 2005)); *see also United States v. Jordan*, 316 F.3d 1215, 1253–54 (11th Cir. 2003) (rejecting contention that Government violated *Brady* by requiring defendant to search discovered materials for exculpatory material); *United States v. Isaacson*, No. 08-20071, 2014 WL 12279429, at *3 (S.D. Fla. Jan. 16, 2014), *aff'd*, 752 F.3d 1291 (11th Cir. 2014) (internal quotation marks omitted).

As a general matter, and based on the record presented, the Court concludes that the Government has fulfilled its obligations under *Brady* and *Giglio* in its production of the

---

[3] With regard to attorney proffers, the Government notes that this information may be available to Defendants in the witness interview reports, sentencing memoranda, or other filings in the cooperative witnesses' underlying cases, which has been produced to Defendants where available [ECF No. 430 p. 6].

voluminous discovery in this case and is not required to take the additional steps Defendants request. As it stands, the Government has undertaken measures on its own accord to facilitate Defendants' review of the discoverable material by producing it in a form that is easily searchable and is useful in preparing for trial [*See* ECF No. 430 p. 3 (describing steps taken by Government to organize its discovery productions)]. Thus, absent additional concrete information, the Court does not see a basis to impose additional requirements on the Government to itemize with more particularity material produced pursuant to *Brady* and *Giglio*.[4] *See Isaacson*, 2014 WL 12279429, at *3 ("[The government] is not required to inventory or specifically identify favorable evidence for the defense, even when it turns over a large volume of material."); *Maxwell*, 2006 WL 8439796, at *6 (noting that the prosecution team is not required to specify in its disclosures potentially defense-favorable materials).

Turning to the specific materials Defendants argue must be produced—notes by government agents during interviews with cooperating witnesses indicating lack of knowledge or lack of knowing misconduct [ECF No. 381 p. 4]—Defendants do not provide a basis in the Motion for superseding the general rule that "reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case" are not discoverable. Fed. R. Crim. P. 16(a)(2). Though Defendants are correct that "*Brady* requires the prosecutor to turn over to the defense evidence that is favorable to the accused, even though it is not subject to discovery under Rule 16(a)," *United States v. Jordan*, 316 F.3d 1215, 1251 (11th Cir. 2003), Defendants must do more than provide "mere speculation or allegations that the prosecution possesses exculpatory information," and must

---

[4] The Court held a discovery status conference on January 5, 2023, and no Defendant reported any current discovery disputes [ECF Nos. 483, 485].

provide a basis for the Court to find that the requested information is "material." *United States v. Jordan*, 316 F.3d 1215, 1252 n.81 (11th Cir. 2003). Here, Defendants merely request that the Government produce agent notes without identifying how the requested notes are material and thus subject to disclosure under *Brady* [*See* ECF No. 381 p. 4; ECF No. 441 pp. 3–4]. Additionally, and more fundamentally, the Government is not required to produce the notes of its agents when the information contained in those notes is included in a report already disclosed to Defendants. *United States v. Ramamurthy*, No. 18-20710, 2019 WL 451175, at *4 (S.D. Fla. Feb. 5, 2019) (citing *United States v. Van Nguyen*, 456 F. Supp. 2d 1366, 1367 (N.D. Ga. 2006)). Here, the Government has produced interview reports of witnesses that will testify in this case [ECF No. 430 p. 4], and without a greater showing by Defendants as to how the requested notes of agents are material to the guilt or innocence of Defendants, the Court does not find a basis to depart from the non-discoverability proscription in Rule 16(a)(2).

The Court reaches the same conclusion regarding Defendants' request that the Government be required to produce agent notes from attorney proffer meetings. The Motion does not identify how the agent notes are material to the guilt of Defendants, again in light of Rule 16(a)(2); the information sought may be contained in interview reports and other documents that have been produced and will continue to be produced by the Government [ECF No. 430 p. 6]; and the case law cited by Defendants does not change the Court's conclusion. In *United States v. Blankenship*, No. 14-CR-00244, 2015 WL 3687864 (S.D.W. Va. June 12, 2015) [ECF No. 441 p. 4], the court held that, although the substance of handwritten notes and attorney proffers fell within the scope of *Brady*, the government was not required to produce its work product to satisfy its *Brady* obligations. *Id.* at *7. That is what is described here, and Defendants do not argue otherwise; the

Government represents that it has produced the substance of the requested agent notes in the interview reports and other documents relevant to the cooperating witnesses [ECF No. 430 p. 6].

***

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Defendant Daniel Carver's Motion to Enforce Due Process Protection Act [ECF No. 381] is **DENIED** consistent with this Order. The Court will continue to hold the Government to its discovery obligations as required by law.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida this 9th day of January 2023.

_____
AILEEN M. CANNON
UNITED STATES DISTRICT JUDGE

cc:   counsel of record