UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-80022-CR-CANNON

UNITED STATES OF AMERICA

vs.

DANIEL M. CARVER, *et al.*

Defendants.

_____/

**NON-PARTIES JAMES BARNETT, M.D. AND PERMIAN CARDIOLOGY'S
COMBINED EXPEDITED MOTION TO INTERVENE AND
MOTION TO QUASH SUBPOENAS**

1.      Non-party movants James Barnett, M.D. ("Dr. Barnett"), and Permian

Cardiology ("Permian"), by and through their undersigned counsel, file this Combined

Expedited Motion to Intervene and Motion to Quash Subpoenas and in support state:

**BASIS FOR REQUESTING EXPEDITED RELIEF [LOCAL RULE 7.1(D)(2) STATEMENT]**

2.      Dr. Barnett and Permian, Texas residents, seek to quash subpoenas served

on them by Defendants that compel their personal attendance in Florida at two trials, one

that began on July 10, 2023, and another scheduled to begin on September 25, 2023. See

Judge Cannon's 07/08/23 Order Granting Motion to Adopt Subpoenas [ECF No. 684]

["Any witness who has been served to appear at the July 10, 2023 trial period by any

Defendant shall remain under subpoena for both the July 10, 2023 trial period and

September 25, 2023 trial period."]

1

3.      Based on communications with the subpoenaing attorneys and a review of the docket, undersigned counsel believes the Government's case-in-chief for the July 10, 2023 trial could be concluded as early as next week. Thus, the Defendants may attempt to call either Dr. Barnett and/or Permian's records custodian to testify at any point after the government rests. Therefore, Dr. Barnett and Permian request an expedited ruling by 07/21/23 or the conclusion of the government's case-in-chief, whichever is earlier.

## MOTION TO INTERVENE

4.      Dr. Barnett and Permian move to intervene in these proceedings for the limited purpose of moving to quash subpoenas served on them commanding their personal attendance and production of documents at trial. A non-party to whom a subpoena is directed has standing to file a motion to quash. See State of Fla. ex rel. Butterworth v. Jones Chemicals, Inc., No. 90-875-CIV-J-10, 1993 WL 388645, *2 (M.D. Fla. March 4, 1993). Under the Health Insurance Portability and Accountability Act ("HIPAA"), healthcare providers have standing to move to quash subpoenas on behalf of their patients. See Farhat v. Unique Healthcare Sys., LLC, No. 8:21-cv-1319-SDM-JSS, 2022 WL 657061 (M.D. Fla. Mar. 4, 2022).

## STATEMENT OF MATERIAL FACTS

5.      On June 15, 2023, Permian received via fax two subpoenas, one for Dr. Barnett and one for Permian's records custodian. See **Exhibit 1**, Subpoena to James Barnett, M.D.; See **Exhibit 2**, Subpoena to Permian Cardiology Records Custodian; See **Exhibit 3**, Affidavit of James Barnett, M.D., ¶¶4-5. The subpoenas command Dr. Barnett

2

and Permian's Records Custodian to appear at the United States Courthouse, 101 South U.S. Highway 1, Fort Pierce, Florida 34950 at 8:30 am on July 10, 2023. See **Exhibit 3**, ¶6. Dr. Barnett is directed to appear at trial to testify. See **Exhibit 1**. Permian is directed to produce documents ". . . concerning cardiovascular genetic testing for [non-party patient][1] through AccuGene Lab on or near February 18, 2021 . . ." See **Exhibit 2**.

6.      Dr. Barnett is an interventional cardiologist who resides in Texas and practices at Permian Cardiology, 400 Rosalind Redfern Grover Parkway, Suite 240, Midland, Texas, 79701. See **Exhibit 3**, ¶¶1-2. Dr. Barnett's schedule includes performing interventional cardiology procedures three (3) days per week in the cardiac catheterization laboratory at Midland Memorial Hospital in Midland, Texas. Id., at ¶11. He sees patients from 8:00 am until 4:00 p.m. five (5) days per week. Id., at ¶12. Dr. Barnett is also responsible for overseeing two advanced practice registered nurses who also see patients from 8:00 am until 4:00 pm five (5) days per week. Id., at ¶13. In sum, Dr. Barnett's medical practice involves him personally caring for or supervising the care of approximately fifty (50) patients per day in the office. Id., at ¶13.

7.      Dr. Barnett has not received any money for attendance or travel expenses regarding this matter. Id., at ¶¶9-10. Dr. Barnett believes traveling to Florida would constitute undue burden and hardship on him and his practice. Id., at ¶15. The materials

---

[1] The non-party patient's name was included on Permian's subpoena. It has been redacted in this filing to protect the non-party patient's protected health information pursuant to the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") 42 U.S.C. 1320d, et seq. and its accompanying regulations. See 45 C.F.R. § 164.500, et. seq.

served on Dr. Barnett and Permian did not include a witness fee or documentation of travel expenses.  See **Exhibits 1, 2**.

8.       Dr. Barnett, Permian, and undersigned counsel have not been provided with a signed authorization from the non-party patient or a Court Order specifically allowing Dr. Barnett and Permian to disclose the non-party patient's medical records or protected health information.

**MEMORANDUM OF LAW**

I.       **Dr. Barnett and Permian are Prohibited by Federal and Florida Law from Disclosing the Non-Party Patient's Medical Records and Protected Health Information.**

9.       As it stands now, Dr. Barnett and Permian are legally prohibited from complying with these subpoenas because they pertain to a non-party patient who has not been put on notice of this attempt to discover his or her personal medical information, much less given his or her permission. The non-party patient's medical records and health information are protected from disclosure under HIPAA and Florida law. HIPAA governs the privacy of medical records. See 54 C.F.R. § 164.508(a)(1). HIPAA applies to "covered entities" which includes health care providers such as Dr. Barnett and Permian. Id., at §§ 160.102, 160.103. "Protected health information" is defined as "individually identifiable health information." Id., at § 160.103; see also State Farm Mut. Auto. Ins. Co. v. Kugler, 840 F. Supp. 2d 1323, 1328 (S.D. Fla. 2011).

10.      Covered entities such as Dr. Barnett and Permian may disclose protected health information pursuant to a written authorization from the patient, in the course of

4

a judicial proceeding pursuant to a court order, or without a court order upon "satisfactory assurance" from the requesting party that "reasonable efforts have been made by such party to ensure that the individual who is the subject of the protected health information that has been requested has been given notice of the request" or upon "satisfactory assurance" that "reasonable efforts have been made by such party to secure a qualified protective order" as further defined by law.  45 C.F.R. § 164.512(e).

11.     The Defendants requesting the protected health information have not provided a Court Order specifically authorizing Dr. Barnett and Permian to disclose the non-party's medical information. The Defendants have not provided written authorization from the non-party patient. The Defendants have not made satisfactory assurances that reasonable efforts have been made to notify the non-party patient of the request or to secure a qualified protective order that specifically directs and authorizes Dr. Barnett and Permian to disclose the non-party patient's medical information. As such, disclosure of the protected health information is prohibited by HIPAA. Violating HIPAA can result in civil or criminal penalties for the offending health care providers, including fines up to $50,000 and up to one-year imprisonment. See 45 C.F.R. § 160.400, et seq.

12.     The non-party patient's information is also protected under Florida law. A patient's medical records are confidential under the right to privacy clause contained in Article I, Section 23 of the Florida Constitution. See State v. Johnson, 814 So. 2d 390 (Fla. 2002). Revealing non-party patient information would be an invasion of privacy under Florida law. Haywood v. Samai, 624 So. 2d 1154 (Fla. 4th DCA 1993). The Defendants

5

have not made the reasonable showing necessary to circumvent the non-party patient's privacy rights.

**II.      The Subpoenas are Improper and Seek Information that is Not Relevant.**

13.      A subpoena *duces tecum* in a criminal case is not intended to provide a means of discovery. United States v. Nixon, 418 U.S. 683 (1974); see also United States v. Noriega, 764 F. Supp. 1480, 1492 (S.D. Fla. 1991). Since the subpoena to Permian commands production of the non-party patient's medical records, the Defendants likely do not have these records and seek to discover them for the first time at trial.

14.      Pursuant to Federal Rule of Criminal Procedure 17(c)(2), the court may quash a subpoena if compliance would be unreasonable or oppressive. In Nixon, the Supreme Court stated that the proponent of a subpoena seeking the production of documents pursuant to Rule 17(c) has the burden of showing: (1) the documents are evidentiary and relevant; (2) the documents are not otherwise procurable by the party reasonably in advance of trial by the exercise of due diligence; (3) the party cannot properly prepare for trial without such production, and the failure to obtain it may unreasonably delay trial; and (4) that it is not intended as a general "fishing expedition" and is made in good faith. 418 U.S. at 699-700 (citing United States v. Iozia, 13 F.R.D. 335, 338 (S.D.N.Y. 1952)). Under the first prong, the proponent of the subpoena has the burden of proving relevance, admissibility, and must identify the materials with specificity. See United States v. Jenkins, No. 02 CR. 1384(RCC), 2003 WL 1461477, *5 (S.D.N.Y., March 21, 2003) (citing Nixon, 418 U.S. at 700). A showing of potential relevance or admissibility is

not sufficient, the materials themselves must be admissible evidence. See Jenkins, 2003

WL 1461477 at *5 (citing United States v. Cherry, 876 F. Supp. 547 (S.D.N.Y. 1995)).

15.     The Defendants have not shown that the non-party health information

sought is admissible. Relevant evidence is evidence tending to prove or disprove a

material fact. Fed. R. Evid. 401. Although the information Dr. Barnett and Permian

possess might somehow be relevant to these criminal proceedings, the relationship

between one non-party patient's medical records in Texas and a significant criminal case

with multiple charges and defendants in Florida seems remote. The party seeking to

discover information and documents for the first time at trial must demonstrate

relevance. Here, the subpoenaing Defendants have not.

16.     Even if the evidence is relevant, any probative value would be substantially

outweighed by the danger of unfair prejudice to Dr. Barnett, Permian, and the non-party

patient. Fed. R. Evid. 403.   Presenting testimony and documents from Dr. Barnett and

Permian may also confuse the issues, mislead the jury, cause undue delay, waste time, or

needlessly present cumulative evidence. Id.

### III.    Requiring Compliance with the Subpoenas would be Unreasonable and Oppressive to Dr. Barnett and Permian.

17.     Under Rule 17 of the Federal Rules of Criminal Procedure, "the court may

quash or modify the subpoena if compliance would be unreasonable or oppressive." Fed.

R. Crim. P. 17(c)(2). Courts have discretion to quash a subpoena *duces tecum* if compliance

would be unreasonable. See Margoles v. United States, 402 F.2d 450 (7th Cir. 1968); see also United States v. Boyle, 338 F.Supp. 1025, 1028 (D.C. Cir. 1971).

18.     It would be unreasonable, unduly burdensome, and oppressive to require both an interventional cardiologist and a records custodian in Texas to appear at trial in Florida. Dr. Barnett and Permian were not given reasonable notice to comply with the in-person testimony requested in Florida on July 10, 2023. Less than one month's notice is not sufficient to provide coverage for patient appointments for two different trials, each lasting many weeks.

19.     The subpoenas in this case improperly seek the production of documents, testimony from a physician, testimony from a records custodian, and a records custodian affidavit. The mere production of records or records custodian affidavit do not require out of state travel of both a physician and records custodian. This case concerns tens of thousands of tests orders. Requiring the in-person testimony by a single out-of-state physician concerning one test out of thousands for one non-party patient will not cause the parties to be unable to prepare for trial or unreasonably delay the trial.

**IV.     The Subpoenas Should be Quashed Because They Did Not Include Witness Fees.**

20.     Under Federal Rule of Criminal Procedure 17(d), a subpoena must be delivered to the witness by a marshal, deputy marshal, or any non-party of legal age. "The server must deliver a copy of the subpoena to the witness and must tender to the witness one day's witness-attendance fee and the legal mileage allowance." Fed. R. Crim.

P. 17(d). No witness fee or legal mileage allowance was tendered with the subpoenas in this case. As such, the subpoenas do not comply with Rule 17(d) and should be quashed.

## GOOD FAITH CERTIFICATION [LOCAL RULE 88.9 STATEMENT]

21.     Undersigned counsel certifies that he conferred in good faith via electronic mail and had a telephone conference with Alyssa Silvaggi, Esquire and Ed Armellino, Esquire prior to filing this Combined Expedited Motion to Intervene and Motion to Quash Subpoenas. Although counsel attempted to resolve the issues raised in this motion, we were unable to do so.

**WHEREFORE**, non-parties James Barnett, M.D. and Permian Cardiology respectfully request this Court **GRANT** their Combined Expedited Motion to Intervene and Motion to Quash Subpoenas and enter an Order **QUASHING** the Defendants' Subpoenas, and for any other relief the Court deems just and appropriate.

Respectfully submitted,

**ADAMS | COOGLER, P.A.**
1555 Palm Beach Lakes Blvd., Suite 1600
West Palm Beach, FL  33401-2329
Telephone: (561) 478-4500
Facsimile: (561) 478-7847
E-Mail: TKrueger@adamscoogler.com
*Attorneys for James Barnett, M.D., and Permian Cardiology*

/s/ *Trace Krueger*_____
Trace Krueger, Esq.
Florida Bar No. 1018300

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed via

CM/ECF this **<u>14th</u>** day of July 2023, to all counsel of record.

ADAMS | COOGLER, P.A.
*Attorneys for James Barnett, M.D., and*
*Permian Cardiology*

/s/ *Trace Krueger*
Trace Krueger, Esq.
Florida Bar No. 1018300