UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-80022-CR-CANNON

UNITED STATES OF AMERICA

vs.

DANIEL M. CARVER, *et al.*

    Defendants.
_____/

### NON-PARTIES JAMES BARNETT, M.D. AND PERMIAN CARDIOLOGY'S REPLY TO GOSNEY'S RESPONSE TO COMBINED RENEWED MOTION TO INTERVENE AND MOTION TO QUASH SUBPOENAS

1.    Non-parties James Barnett, M.D. ("Dr. Barnett"), and Permian Cardiology ("Permian"), by and through their undersigned counsel, file this Reply to Defendant, John Paul Gosney, Jr.'s ("Gosney"), Response to Combined Renewed Motion to Intervene and Motion to Quash Subpoenas and in support state:

#### REPLY TO ARGUMENT

**I.    Even if Dr. Barnett's Testimony and Permian's Records Custodian's Testimony is Relevant, it is Not Admissible.**

2.    Gosney contends that Dr. Barnett has relevant, admissible testimony to offer at trial. However, the testimony sought would be merely cumulative as Gosney's proffer is no different than the medical records already produced. A district court does not abuse its discretion in quashing a defendant's subpoena ad testificandum where the testimony sought is cumulative or immaterial. See United States v. Bebris, 4 F.4th 551 (7th

1

Cir. 2021), cert denied, 142 S. Ct. 489 (2021). The requirements of relevancy and materiality apply to subpoenas of witnesses for trial. See United States v. Keogh, 2022 WL 129464 at *1 (W.D. Okla. 2022) (citing Bebris, 4 F.4th at 559 (district courts may quash a trial subpoena where the testimony sought is cumulative or immaterial)).

3.   "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403. Evidence is cumulative when it "adds very little to the probative force of the other evidence in the case, so that if it were admitted its contribution to the determination of truth would be outweighed by its contribution to the length of the trial" under FED. R. EVID. 403. See United States v. Wise, 2020 WL 3977661 at *3 (W.D. Ky. 2020) (citing United States v. Williams, 81 F.3d 1434, 1443 (7th Cir. 1996)). In this case, testimony by Dr. Barnett or Permian's records custodian would be no different than the medical records themselves. As such, the proffered testimony would be inadmissible as cumulative.

4.   As Gosney points out, the issue in this case is whether Gosney billed Medicare for allegedly medically unnecessary tests. DE#794:4. Gosney seeks Dr. Barnett's testimony to show: (1) that Dr. Barnett signed a test order for his patient; (2) what the patient's medical condition(s) and history were; and (3) that Dr. Barnett certified that the test was medically necessary. DE#794:4-5.

5. The proffer given for Dr. Barnett's testimony is no different from the information already produced in the medical records. Other than what the patient's medical condition(s) and history were, these are yes or no questions which are answered by the medical records. The medical records demonstrate that Dr. Barnett signed a single test order for one patient when it was faxed to his office by Gentec Solutions and/or Accugene Lab. The medical records establish what the patient's medical condition(s) and history were. The signed test order includes a provision stating that the test was "medically necessary." As such, Gosney does not seek to elicit any testimony which is not already evidenced by the records, which were already produced. Any testimony by Dr. Barnett on these issues would be cumulative. There is no indication that any other purported testimony would be material or favorable to the defense, because Gosney does not purport to intend to elicit any other testimony.

6. Likewise, the testimony of Permian's records custodian would be cumulative and unnecessary in light of the signed Certification of Domestic Records of Regularly Conducted Activity. FED. R. EVID. 902(11). Permian provided the requested records along with a completed Certification, yet Gosney refuses to release Permian's records custodian from the subpoena. Gosney does not purport to seek Permian's records custodian's testimony for any reason, and there is no need for the records custodian to travel to Florida to testify at a trial on what would be purely collateral matters, when the records were produced with a Certification, as requested by Gosney. FED. R. EVID. 902(11). The subpoenas should be quashed.

## II.     The Sixth Amendment Does Not Allow Gosney an Unlimited Right to Call Witnesses.

7. Gosney contends that he has a Sixth Amendment right to compulsory process and to present a defense, including obtaining witnesses in his favor, and that Dr. Barnett's arguments do not overcome that right. DE#794:5-6. The Sixth Amendment does not guarantee a defendant in a criminal trial an unrestricted right to compel the presence of any and all witnesses he may choose. See United States v. Scopo, 861 F.2d 339, 344-345 (2d Cir. 1988) (upholding trial court's denial of defendant's request for subpoenas to call thirteen witnesses, where the proposed testimony would be merely collateral). Courts may quash subpoenas for testimony which would be an oppressive and unreasonable use of the court's process. See Amsler v. United States, 381 F.2d 37, 51 (9th Cir. 1967). Gosney does not purport that there is anything to gain from Dr. Barnett's or Permian's records custodian's testimony which has not already been produced.

## III.    The Subpoenas Should be Quashed for Failing to Include Witness Fees.

8. Under FED. R. CRIM. P. 17(d), the server of the subpoena "must tender to the witness one day's witness-attendance fee and the legal mileage allowance." FED. R. CRIM. P. 17(d). Strict compliance with the service provisions of Rule 17 is necessary for a subpoena to be effective, and proof of service is deficient where there was no proof of proper mileage or witness fees tendered. See United States v. Davenport, 312 F.2d 303 (7th Cir. 1963). The witness fees and legal mileage allowances were not tendered with the subpoenas, so the subpoenas do not comply with Rule 17(d).

9. Gosney cites to <u>Klockner Namasco Holdings Corp. v. Daily Access.Com, Inc.</u>, 211 F.R.D. 685, 687 (N.D. Ga. 2002) for the proposition that failure to tender the fees at the time of service can be cured prior to compelling the witness's appearance. See DE#794. <u>Klockner</u> is a civil case in which the court applied FED. R. CIV. P. 45. See <u>Klockner</u>, 211 F.R.D. at 687. Rule 45 requires simultaneous tender of witness fees and the reasonably estimated mileage allowed by law with service of a subpoena. See <u>CF & I Steel Corp. v. Mitsui & Co. (U.S.A.), Inc.</u>, 713 F.2d 494 (9th Cir. 1983) (affirming quashing of subpoenas where no witness fees or mileage allowances were tendered at the time of service, and party sent checks to witness' attorneys 34 days after service). The issue in <u>Klockner</u> was whether, despite counsel's noncompliance with Rule 45's requirement to tender witness fees and mileage fees at the time of service, counsel was entitled to sanctions against the witness when the witness failed to appear at a deposition, and fees were tendered after the deposition date had already passed. See <u>Klockner</u>, 211 F.R.D. at 685-687. The court held that the late tender of fees did not justify imposing sanctions against the witness for failure to appear prior to the tender. <u>Id.</u>, at 687. In dicta, the court suggested that under Rule 45, late tender "may" justify compelling a witness to attend a deposition at a later date. <u>Id.</u>

10. No case Gosney cited held that a subpoenaing attorney can tender the witness fee and mileage fee after service of a subpoena in a criminal case pursuant to FED. R. CRIM. P. 17(d). Gosney states that he "can tender the requested fees now" yet acknowledges that there is no agreement on the fee amount and admits that the travel

5

expenses are not discernable at this time. #DE794:8. Although the issue is not properly before the Court now, Gosney notes that there is a disagreement regarding the fee amount, and that the case law provided in support of Dr. Barnett's position on the fee issue is inapplicable because those authorities are civil cases. #DE794:6-7. Yet, the only case Gosney cites, <u>Klockner</u>, is not itself a criminal case; it was a civil case involving a deposition and applying FED. R. CIV. P. 45. #DE794:6-7. Regardless, in this case, service pursuant to FED. R. CRIM. P. 17(d) was insufficient.

**WHEREFORE**, non-parties James Barnett, M.D. and Permian Cardiology respectfully request this Court **GRANT** the Combined Renewed Motion to Intervene and Motion to Quash Subpoenas and **QUASH** Gosney's Subpoenas insofar as they require trial testimony, and for any other relief the Court deems just and appropriate.

Respectfully submitted,

**ADAMS | COOGLER, P.A.**
1555 Palm Beach Lakes Blvd., Suite 1600
West Palm Beach, FL 33401-2329
Telephone: (561) 478-4500
Facsimile: (561) 478-7847
E-Mail: TKrueger@adamscoogler.com
*Attorneys for James Barnett, M.D., and Permian Cardiology*

/s/ *Trace Krueger*
Trace Krueger, Esq.
Florida Bar No. 1018300

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed via CM/ECF this **28th** day of August 2023, to all counsel of record.

ADAMS | COOGLER, P.A.
*Attorneys for James Barnett, M.D., and Permian Cardiology*

*/s/ Trace Krueger*
Trace Krueger, Esq.
Florida Bar No. 1018300