UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 22-CR-80022-AMC

UNITED STATES OF AMERICA,

vs.

JOHN PAUL GOSNEY, JR., et al,
  Defendants
_____/

## NON-PARTY DR. NASHWA KHOGALI-JAKARY'S MOTION TO QUASH TRIAL SUBPOENA

Non-party Dr. Nashwa Khogali-Jakary, through undersigned counsel hereby moves this Court to enter an Order quashing a trial subpoena commanding her attendance at the trial of this matter scheduled for September 25, 2023. The subpoena was issued by counsel for Defendant, John Paul Gosney, Jr.

### GROUNDS FOR THE MOTION

1. Dr. Khogali-Jakary is a primary care physician with a general practice located in Michigan. When she received a subpoena to testify in this matter, her Michigan attorney contacted counsel for Mr. Gosney to determine the subject matter of her testimony. Counsel for Gosney indicated that discovery had revealed an Order allegedly signed by Dr. Khogali-Jakary ordering genetic testing for a patient

allegedly under Dr. Khogali-Jakary's care. The Order contained a Confirmation of Medical Necessity and was allegedly signed by Dr. Khogali-Jakary.

2.  Undersigned counsel contacted Alyssa Silvaggi, co-counsel for Mr. Gosney. Ms. Silvaggi indicated that if called as a witness Dr. Khogali-Jakary would be asked to confirm: a) that it is her signature on the order and b) the genetic testing was medically necessary. Dr. Khogali-Jakary intends to assert her right to remain silent under the Fifth Amendment as to both of those questions, as well as any others pertaining to the Order for Genetic testing.

3.  Dr. Khogali-Jakary reasonably fears criminal prosecution should she answer the questions counsel for Mr. Gosney wish to ask her. This fear is based on several facts. First, the superseding indictment alleges that cardio testing is only covered by Medicare in very limited circumstances, such as "when a beneficiary experienced sudden cardiac death, was revived, and the sudden cardiac death resulted from a genetic anomaly. In this rare occurrence, Medicare may have covered cardio testing for immediate first-degree family members of the surviving patient to screen for genetic mutations. Medicare does not pay for cardio tests merely because a patient had hypertension or a history of cardiovascular conditions." (See paragraph 19 Superseding Indictment [DE 577].)

4.  In its expert witness disclosure [DE 349], the Government listed Dr. Rajat Deo as an expert in cardio genetic testing. Included in that disclosure is Dr.

Deo's opinion that "A primary care physician or other non-specialist should not normally order cardio genetic testing; instead, such testing is typically ordered after referral to a specialist. Cardio genetic testing typically should not be the first step in managing a patient's cardiac related illness, particularly for a patient with no diagnosed first-degree familial cardiac genetic mutation. Cardio genetic testing should be used on a highly selective patient population. Patients whose sole diagnosis is essential hypertension or chronic ischemic heart disease generally should not receive cardio genetic testing as matter of routine treatment."

5. Lastly, two co-defendants have entered guilty pleas. Galinda Rozenberg [DE 192] and Tommy Richardson [DE 321] both agreed to a factual basis that included language that the genetic testing was not medically necessary, was not ordered by a physician treating the beneficiary for any specific medical problem, symptom, illness or diagnosis, and that the results were not going to be used in the management of the beneficiary's specific medical problems.

6. Given the government's very narrow view of when genetic testing is authorized under Medicare, Dr. Khogali-Jakary is in reasonable fear that any answer she may give regarding the Order for cardiac genetic testing may subject her to criminal prosecution.

**WHEREFORE**, the non-party witness, Dr. Khogali-Jakary respectfully requests this Honorable Court enter an Order quashing the subpoena issued by Mr. Gosney and excusing her from attendance at his trial.

### GOOD FAITH CERTIFICATION

Undersigned counsel certifies that he spoke with Alyssa Silvaggi, Esq., counsel for John Paul Gosney, Jr and she objects to this motion.

Respectfully submitted,

*/Larry Donald Murrell, Jr.*
_____
**LARRY DONALD MURRELL, JR., ESQ.**
**FLORIDA BAR NO: 326641**
400 Executive Center Drive
Suite 201—Executive Center Plaza
West Palm Beach, FL 33401
Telephone:  561.686.2700
Facsimile:   561.686.4567
E-Filing:  ldmpa@bellsouth.net
Attorney for Dr. Nashwa Khogali-Jakary, MD

### CERTIFICATE OF SERVICE

On September 7, 2023, the undersigned hereby certifies that a true and correct copy of the foregoing was electronically filed and served via the CM/ECF system, which will automatically send electronic notification of such filing to all registered parties.

*/Larry Donald Murrell, Jr.*
_____
**LARRY DONALD MURRELL, JR., ESQ.**