UNITED STATES DISTRICT COURT IN AND FOR
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>    )<br>    Plaintiff )<br>    ) Case No. 22-CR-80022-AMC<br>    )<br>vs. )<br>    )<br>DANIEL M. CARVER )<br>Defendant )<br>    )<br>    )<br>_____) | |

**DANIEL M. CARVER'S OBJECTIONS TO THE PRESENTENCE
INVESTIGATION REPORT**

>         */s/Andrew S. Feldman*_____
>         FELDMAN FIRM PLLC
>         150 Southeast 2nd Avenue
>         Suite 600
>         Miami, Florida 33131
>         Direct: 305.714.9474
>         Email: afeldman@feldmanpllc.com
>         Florida Bar No. 60325
>         *Attorney for Daniel M. Carver*

Mr. Carver files these objections to the presentence investigation report pursuant to Fed. R. Crim. P. 32(f)(1) and reserves his right to amend or supplement these objections upon a showing of good cause prior to or at the time of sentencing. *See* Fed. R. Crim P. 32(i)(1)(D).

I. <u>Objections to Criminal History Points</u>

A. <u>A Prior No Contest Plea in 2022 Where Mr. Carver Served No Period of Imprisonment Related to Any Sentence Based on a 2022 Disturbing the Peace Charge</u>

Mr. Carver objects to the PSR's attribution of 2 criminal history points in paragraph 197 pursuant to Section 4A1.1(b). *See* PSI at para. 197.

Mr. Carver was arrested based on an altercation which occurred in a bar in Michigan. Mr. Carver did not instigate the bar fight. Another patron of the bar confronted Mr. Carver and threatened Mr. Carver. Realizing the problems with their case, and that Mr. Carver acted in self-defense (and in defense of his wife at the time) the City of Birmingham Michigan reduced the charge to an ordinance violation of "Disturbing the Peace." Attached here is the online docket to Mr. Carver's misdemeanor matter in Oakland County Michigan in Case No. 2021-21BC02631-OM, *City of Birmingham vs. Daniel M. Carver.*[1]

---

[1] See **Exhibit A,** Michigan Docket.

Section 4A1.1(b) unambiguously states "add 2 points for each *prior sentence of imprisonment of at least sixty days..*" Section 4A1.2(b) defines a "sentence of imprisonment" as "a sentence of incarceration and refers to the maximum sentence imposed." The Application Note 2 of Section 4A1.2 further clarifies that "[t]o qualify for a sentence of imprisonment, the defendant must have actually served a period of imprisonment on such sentence."

Mr. Carver was not sentenced to a period of imprisonment of at least 60 days. Instead, the court sentenced Mr. Carver to "time served" based on the time Mr. Carver was serving in West Palm Beach as part of his pretrial detention in this case. In other words, because Mr. Carver had already served the maximum amount of time that the court could sentence Mr. Carver in Michigan, the court sentenced him to time served 90 days of jail. Mr. Carver' s pretrial detention in any jurisdiction (Florida, Michigan, etc.), however, cannot qualify as a period of imprisonment that a defendant serves on a sentence because under these circumstances a sentence has yet to be imposed. *See* Application Note 2 of Section 4A1 (defining period of imprisonment). For this reason, the objection to paragraph 197 must be sustained and Mr. Carver's criminal history points should be reduced from 5 points to 3 points, yielding a criminal history Category II.

In the alternative, Mr. Carver's criminal history points should be reduced by that 1 point from 5 points to 4 points because the PSI does not demonstrate that Mr. Carver was adjudicated guilty of the misdemeanor offense. Accordingly, if this Court were inclined to deny the objection to paragraph 197 of the PSR, Mr. Carver contends that this offense is, at best, a diversionary disposition under Section 4A1.2(f) which only qualifies for 1 criminal history point pursuant to Section 4A1.1(c) and Mr. Carver's criminal history points should therefore be reduced by that 1 point from 5 points to 4 points.

II. <u>Clarifications or Objections to Other Portions of the Presentence Investigation Report.</u>

**Paragraph 205:** Mr. Carver objects to the factual assertions underlying this paragraph. In Mr. Carver's *Motion for Reconsideration of the Order of Pretrial Detention*, Mr. Carver attached Exhibits and other documents which undermine the assertions in this paragraph. Dkt. No. 537 at 20-22; *see also* Exhibits C-G. Mr. Carver repeats those same arguments. Dkt. No. 537 at 20-22. This paragraph, however, does not attribute any criminal history points to Mr. Carver and therefore does not impact his sentencing guidelines range.

**Paragraph 217:** Mr. Carver seeks to clarify this paragraph. Dr. Milne prescribed Suboxone for Mr. Carver, which is also represented in paragraph 226 of the PSR which asserts that a review of Dr. Milne's records shows that Mr. Carver

4

was prescribed Suboxone. Furthermore, Mr. Carver has been prescribed Suboxone for more than 18 months and is in the Medication Assisted Treatment (MAT) program. Mr Carver takes Suboxone every day as part of his ongoing treatment.

**Paragraph 219:** Mr. Carver seeks to clarify this paragraph. Dr. Milne prescribed Suboxone for Mr. Carver, which is also represented in paragraph 226 of the PSR which asserts that a review of Dr. Milne's records shows that Mr. Carver was prescribed Suboxone.

**Paragraph 220:** Mr. Carver seeks to clarify this paragraph. Mr. Carver has been prescribed Suboxone for more than 18 months and is in the Medication Assisted Treatment (MAT) program. Mr Carver takes Suboxone every day as part of his ongoing treatment.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing was filed this day via CM/ECF and served on all counsel of record appearing on CM/ECF.

                                     */s/Andrew S. Feldman*_____